**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

In re:

JESSE RODRIGUEZ,

Debtor.

Bankruptcy Case No. 26-11011 TBM
Chapter 7

_____

**ORDER DENYING MOTION TO REINSTATE**
_____

THIS MATTER comes before the Court on the letter (Docket No. 21, the "Motion to Reinstate"), filed by the Debtor, Jesse Rodrguez (the "Debtor").

**Background**

The Debtor, acting without the assistance of counsel, filed for relief under Chapter 7 on February 20, 2026 (the "Petition Date"). When the Debtor filed his petition, he also filed an "Application for Individuals to Pay the Filing Fee in Installments" (Docket No. 4). On February 23, 2026, the Court approved the Application in an "Order for Payment of Filing Fees in Installments and Notice of Dismissal in the Event of Default" (Docket No. 6, the "Fee Order") and ordered the Debtor to make the first installment payment of $126.00 on March 6, 2026, a second installment of $106.00 on April 3, 2026, and a third installment of $106 on May 1, 2026. In the Fee Order, the Court warned: "The Debtor is advised that failure to pay the statutory filing fees as set forth above shall constitute cause for dismissal, and Debtor may be further barred from filing a petition in this Court for 180 days pursuant to Title 11 U.S.C. § 109(g)."

The Debtor failed to make the first installment payment when due, so on March 6, 2026, the Clerk of the Court issued a "Notice of Impending Dismissal" (Docket No. 14, the "Notice"), which stated:

> YOU HAVE failed to pay an installment fee required by a Court Order previously entered in your case.
>
> NOTICE IS HEREBY GIVEN that the past−due installment payment must be received by the Court within 14 days of the date of this Notice. The remaining filing fee installment schedule set forth in the Court's prior Order is unchanged. This is the final notice for payment of the past−due installment payment and remaining installment payment(s).

You must meet all future payment deadlines, as failure to make any payment by the deadline in this Notice or any deadline previously established by the Court will result in the dismissal of the case without further notice to the Debtor(s).

The Debtor(s) should take care to meet all future payment deadlines, as failure to make any payment by the deadline in this Notice or any deadline previously established in the Order for Payment will result in the dismissal of the case without further notice to the Debtor(s).

The Debtor failed to pay the first installment within the time afforded. Therefore, on April 3, 2026, the Court entered an "Order Dismissing Chapter 7 Case Pursuant to 11 U.S.C.§ 707(a)(2) for Nonpayment of Fees" (Docket No. 19, the "Dismissal Order").

On May 4, 2026, the Debtor filed the Motion to Reinstate.  Therein he states:

I respectfully request that Court allow me to reinstate my bankruptcy case.  I missed the filling fee deadline because this is my first time going through the bankruptcy process, and I did not fully understand the requirement.  Its was an honest mistake and I did not intend to delay or disregard the Court instructions.

## Discussion

The Debtor has failed to cite any legal authority in support of the instant Motion, but it seems that the Court reconsider and vacate the Dismissal Order.  Perhaps the Debtor wished to rely on Fed. R. Civ. P. 60, as incorporated by Fed. R. Bankr. P. 9024. That Rule provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

As best the Court understands it, the Debtor is arguing that because he did not understand that he was required to pay the fee, the Court should vacate the Dismissal Order and allow his case to proceed.  The Court views this as a request to vacate the Dismissal Order pursuant to Rule 60(b)(1).   However, the Debtor has not shown that the Dismissal Order was entered by mistake – it was not, as the Debtor failed to make his installment payment even after the Court ordered him to do so and despite the fact that the Court warned in both the Fee Order and the Notice that the Debtor's case could be dismissed for failure to make payment as required.  And, the Debtor has not shown that his nonpayment was the result of inadvertence, surprise, or excusable neglect, as the Debtor should have understood from reviewing the Fee Order and the Notice that he was required to pay the fee by the deadlines established therein and as the Debtor had been warned that dismissal would occur if the fee were not paid.  As such, the Court finds that the Debtor has not identified any basis for vacating the Dismissal Order.

## Notice to Debtor

If the Debtor chooses to refile for bankruptcy, the Court encourages the Debtor to seek the assistance of counsel.  Prosecution of matters in bankruptcy court requires familiarity with the Bankruptcy Code, the Federal Rules of Bankruptcy and Civil Procedure, and the Local Rules of this Court and the interplay among them.  The Bankruptcy Court and its staff are not permitted to advise debtors or other parties about how to proceed.  If the Debtor continues to file matters in this case, the Debtor will be held to the same standard as parties represented by counsel.  However, the Court has recently instituted a *pro se* bankruptcy clinic, staffed by an attorney, at which the Debtor might be able to receive some limited legal advice and assistance at no cost.  The Debtor can obtain additional information about the clinic at cobar.org/bankruptcy or by calling 720-633-8866.  Alternatively, some attorneys might be able to consult with the Debtor for free and might be able to work with the Debtor to determine whether legal fees can be paid through a Chapter 13 plan.  Or, if the Debtor's income is low enough, it is possible that Colorado Legal Services may be able to provide advice or assistance.  Colorado Legal Services can be reached at 1905 Sherman Street, Suite 400, Denver Colorado 80203; telephone number 303-837-1321.  Its website is http://www.coloradolegalservices.org.  Other organizations also might be able to provide *pro bono* legal services.  *See* https://www.denbar.org/Public/Pro-Bono-Legal-Assistance.

**Order**

Because the Debtor has not demonstrated that demonstrated a basis for relief under Fed. R. Civ. P. 60(b), it is

ORDERED that the Motion to Reinstate is DENIED.

DATED this 11th day of May, 2026.

BY THE COURT:

Thomas B. McNamara,
United States Bankruptcy Judge